| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DANNY SELLERS, §
　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　§
versus　　　　　　　　　　§　　CIVIL ACTION NO. 1:13-CV-347
　　　　　　　　　　　　　§
CHARLES E. SAMUELS, JR., *et al.*, §
　　　　　　　　　　　　　§
　　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Danny Sellers, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this complaint against prison officials.

### Discussion

A final judgment was entered on November 18, 2013, dismissing the above-styled action without prejudice. Plaintiff has filed a motion for relief from judgment (docket entry no. 10). This memorandum considers such motion.

### Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

　(A)　after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

　(B)　after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff contends the judgment is void because the Court lacked subject-matter jurisdiction. After careful consideration of Plaintiff's motion, the court is of the opinion that the motion fails to set forth a meritorious ground warranting relief from the judgment. Even affording Plaintiff's motion review under Rule 60, the motion is without merit. Accordingly, Plaintiff's motion should be denied.

## ORDER

For the reasons set forth above, Plaintiff's motion for relief from judgment should be denied. It is therefore,

**ORDERED** that Plaintiff's motion for relief from judgment is **DENIED**.

**Signed this date.**
**Aug 1, 2014**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE